IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYANT L. BAYNARD | : |
| | : Civil Action |
| Plaintiff | : |
| | : No. 15-6202 |
| v. | : |
| | : |
| CAROLYN W. COLVIN, | : |
| ACTING COMMISSIONER OF | : |
| SOCIAL SECURITY | : |
| | : |
| Defendant | : |

# MEMORANDUM

KEARNEY, J.                                                                                                                               March 21, 2016

We may only review an Order of the Commissioner of the Social Security Administration after a claimant exhausted his administrative remedies. To exhaust administrative remedies, the claimant must first receive a "final decision" notice from the Secretary of the Social Security Administration. Absent completing the administrative review process, he lacks standing in this Court. As the Plaintiff fails to show exhausting the full and complete administrative review process with a final decision, we grant Defendant's motion to dismiss for lack of subject matter jurisdiction without prejudice in the accompanying Order.[1]

## I. Facts alleged in Complaint

The Commissioner ("Commissioner") of the Social Security Administration ("SSA") billed Bryant L. Baynard ("Baynard") for an overpayment. Baynard then filed this action claiming no liability for overpayment since he never received the money. Baynard claims he discussed his overpayment issue with an SSA official. Baynard does not allege whether he appealed to the SSA or if the Commissioner issued a final decision.

## II. Analysis

### A. We review claims after Baynard exhausts his administrative remedies and the SSA reached a "final decision."

Under 42 U.S.C. § 405(g), we review the Commissioner's final decision after Baynard exhausts all other administrative remedies.[2] Section 405 does not define "final decision," but states "[n]o findings of fact or decision of the Commissioner of the Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."[3]

The meaning of "Final decision" is left to the Secretary to "flush out by regulation".[4] "The Act does not define 'final decision,' instead leaving it to the Social Security Administrator to give meaning to that term through regulations."[5] The Act provides for judicial review of any "final decision of the Commissioner of Social Security in a disability proceeding."[6]

A plaintiff must first exhaust his or her administrative remedies before judicial relief may be granted.[7] Judicial review is possible only after the "further steps of a hearing before an administrative law judge and, possibly, consideration by the Appeals Council."[8]

Sections 404 and 416 of the Code of Federal Regulations further govern the SSA's administrative review process.[9] These regulations require Baynard exhaust four (4) procedural steps before we review.[10] First, the SSA must initially determine entitlement or continuing entitlement benefits, or any other matter which could be subject to further review.[11] Second, if Baynard is not satisfied with the SSA's initial determination, he may ask the SSA to reconsider.[12] Third, if Baynard is not satisfied with the reconsideration, he may request a hearing before a SSA administrative law judge.[13] Fourth, if Baynard is not satisfied with the administrative law judge's decision, he may request review by the SSA Appeals Council.[14] Only

after completing these four steps, will the SSA have made its final decision.[15] Once the final decision is made and Baynard is still not satisfied, he may request our review.[16]

If Baynard fails to request review from the SSA Appeals Council, there would be no final decision and, as a result, no judicial review.[17] If Baynard fails to appeal, he has not exhausted the administrative remedies and cannot request judicial review. "[A] claimant may not obtain judicial review because he has failed to exhaust administrative remedies.[18]

### B. Baynard failed to exhaust his administrative remedies and cannot obtain judicial review.

Baynard failed to request a "waiver of overpayment," which would have eventually produced SSA's "final decision," and is not allowed to appeal for judicial review. Baynard did not ask the SSA to reconsider its initial determination and did not properly follow the administrative review process in sections 404 or 416 of the Code of Federal Regulations. Because Baynard failed to file this waiver, he is not entitled to judicial review because he did not exhaust his administrative remedies. Baynard must first complete the administrative review process before he can be given a "final decision" and granted judicial review. Without the SSA's "final decision," Baynard cannot appeal here.

Similar to the claimant in *Sims* who did not request a review from the Appeals Council, Baynard has not filed his waiver of overpayment with the SSA and is not entitled to judicial review before exhausting his administrative remedies. Instead of filing a waiver of overpayment with the SSA, Baynard filed this lawsuit. Under § 405(g), this Court (or any other person, tribunal, or governmental agency) cannot review Baynard's claim unless he complies with the statute or regulation governing the SSA.

## III. Conclusion

Baynard failed to allege his request for waiver of overpayment which may have eventually produced SSA's "final decision". He may not seek judicial review until he exhausts his administrative remedies. We grant the Commissioner's motion to dismiss for lack of subject matter jurisdiction. Baynard's Complaint is dismissed without prejudice for him to timely renew his claim after showing he exhausted administrative remedies.

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[ e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, __ F.3d __, 2016 WL 106159, *4 (3d Cir. Jan. 11, 2016) (quoting *Iqbal*, 556 U.S. at 675, 679). See also *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010); *Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) ("This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.")

[2] 42 U.S.C. § 405(g).

[3] 42 U.S.C. § 405(h).

[4] *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

[5] *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing Section 405(a)); *see also Salfi*, 422 U.S. at 766.

[6] *Lagner v. Astrue*, No. 11-4628, 2012 WL 5400061, at *2 (E.D. Pa. 2012).

---

[7] *McKart v. U.S.*, 395 U.S. 185, 193 (1969); *see also McCarthy v. Madigan*, 503 U.S. 140, 144-145 (1992) (recognizing the rule requiring parties to exhaust their administrative remedies before seeking judicial relief).

[8] *Salfi*, 422 U.S. at 765 (citing 20 CFR §§ 404.916, 404.940, 404.951 (1974)).

[9] 20 C.F.R. §§ 404.900, 416.1400 (1974).

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Sims*, 530 U.S. at 107 (citing §404.900(b)); *see also Bowen v. City of New York*, 476 U.S. 467, 482-83 (1986)According to §404.900(b), "[i]f you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review, unless you can show us that there was good cause for your failure to make a timely request for review." 20 CFR §§ 404.900(b).

[18] *Sims*, 530 U.S. 107 (citing *Salfi*, 422 U.S. at 765-66 (1975)).